O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| ALFREDO MARTINEZ-BALDERAS | § | |
|---|---|---|
| | § | CIVIL ACTION NO. 5-10-111 |
| Petitioner | § | CRIMINAL ACTION NO. 5-09-730 |
| VS. | § | CRIMINAL ACTION NO. 5-09-1166 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Alfredo Martinez-Balderas' ("Petitioner") Amended Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. 2255 [Dkt. No. 3].[1] After careful consideration of the motion, the record, and governing law, Petitioner's motion is **DISMISSED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 9, 2003, Petitioner appeared before the Honorable Suzanne B. Conlon, United States District Judge, Northern District of Illinois, and was convicted of reentry of a deported alien. [Rev. Dkt. No. 2 at 1]. As a result of this conviction, Petitioner was sentenced to 78 months custody and 3 years supervised release. [*Id*.]. Petitioner was released from custody on September 12, 2008 and deported to Mexico on October 10, 2008. [*Id*.]. On March 10, 2009, only 6 months into his 3 year term of supervised release, Petitioner was apprehended in Laredo, Texas by United States Border Patrol agents. [*Id*.]. On March 31, 2009, a federal grand jury in Laredo, TX returned a one-count indictment charging Petitioner with being found unlawfully present in the United States after deportation. [Cr. Dkt. No. 7]. On May 12, 2009, Petitioner entered a plea of guilty to the offense charged in that indictment. [Cr. Dkt. Nos. 13, 25].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." or "Dkt. Nos." (plural) will be used to refer to filings in civil case 5:10-cv-111, "Cr. Dkt. No." or "Cr. Dkt. Nos." (plural) will be used to refer to filings in criminal case 5:09-cr-730, and "Rev. Dkt. No." or "Rev. Dkt. Nos." (plural) will be used to refer to filings in criminal case 5:09-cr-1166.

On July 29, 2009, this Court sentenced Petitioner to 90 months for the new illegal reentry charge as well as 18 months for violating the terms of his supervised release in connection with the earlier conviction for illegal reentry. [Cr. Dkt. No. 25 at 2; Rev. Dkt. No. 1]. The terms were to run consecutively, for a total sentence of 108 months. [Cr. Dkt. No. 25 at 2]. Petitioner timely appealed both cases to the Fifth Circuit Court of Appeals. [Cr. Dkt. No. 27; Rev. Dkt. No. 9]. The Fifth Circuit dismissed both of Petitioner's appeals as frivolous. [Cr. Dkt. No. 39; Rev. Dkt. No. 25]. On October 12, 2010, Petitioner filed the pending Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. 2255 wherein Petitioner attacks the judgments entered in both cases. [Dkt. No. 1]. Petitioner then filed an amended § 2255 motion as well as a notice advising the Court that he would be filing the same. [Dkt. Nos. 2, 3].

## II.     DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4(b).

A.     *Amended Complaint*

Petitioner has filed his amended § 2255 motion along with a notice explaining the amendments that he has made to his § 2255 motion. [Dkt. Nos. 2, 3]. Although Petitioner has not specifically asked for leave to amend his complaint, taking into account Petitioner's *pro se* status the Court will liberally construe Petitioner's amended complaint and accompanying notice as a request for leave to amend his complaint. *Johnson v. Atkins* 999 F.2d 99, 100 (5th Cir. 1993) (holding that *pro se* motions are to be construed liberally). The Fifth Circuit has held that a "district court should "freely give leave" to amend a complaint "when justice so requires."" *U.S. ex rel. Steury v. Cardinal Health, Inc*. 625 F.3d 262, 270 -271 (5th Cir. 2010) (quoting FED. R. CIV. P. Rule 15(a)(2)). Further, a district court should grant leave to amend unless the movant is acting in bad faith, is causing undue delay, has a dilatory motive, repeatedly fails to cure deficiencies, or granting leave to amend would unfairly prejudice the opposing party. *Id*.

The amendments that Petitioner has made merely correct the caption of the motion, add an address after the signature line, and add the "oath or attestation" and "certificate of service" sections to the motion. [*Id*.]. Because there is no evidence that Petitioner has amended his complaint in bad faith or with an ulterior motive, the Court grants Petitioner's request for leave to amend his complaint.

B.     *Ineffective Assistance of Counsel*

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255. To prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing a constitutional deficiency, a

court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689. "Prejudice" requires that the petitioner show a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Id.* at 694. A "reasonable probability" is a probability which undermines confidence in the outcome. *Id.* Finally, the same principles of effectiveness apply to habeas proceedings, with the proviso that "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." *Id.*

Petitioner argues that he received ineffective assistance of counsel in that: (1) Petitioner was not represented by counsel at a hearing before a magistrate judge regarding the violation of his supervised release; and (2) counsel for Petitioner did not argue against his being sentenced to 18 months for violating his supervised release by illegally reentering the United States in addition to 90 months for the act of illegal reentry. [Dkt. No. 1]. Essentially, in the latter argument, Petitioner is arguing that the Court subjected Petitioner to "double jeopardy" by sentencing him to 90 months for illegal reentry as well as 18 months for the same illegal reentry, and by considering Petitioner's history of illegal entry in calculating his sentence. [Dkt. No. 1 at 3-4].

Because Petitioner has to prove both prongs of the *Strickland* analysis to prevail on his claim of ineffective assistance of counsel, an inability to prevail on either prong is dispositive of Petitioner's case. With efficiency in mind, the Court will focus its analysis on the prejudice prong.

**C.**    ***6th Amendment Right to Counsel***

Petitioner's first claim, that he was not represented by counsel during his July 17, 2009 initial appearance before the Court regarding the revocation of his supervised release, is flatly

contradicted by the record. To begin with, Petitioner had an initial appearance for the revocation of his supervised release on June 17, 2009, not July 17, 2009. [Rev. Dkt. No. 5]. Further, the record clearly shows that Petitioner had representation at this and every appearance before the Court. Specifically, a look at the docket entry for Petitioner's initial appearance regarding the revocation of his supervised release proves that Petitioner was represented that day by Assistant Federal Public Defender ("AFPD") Paul Saenz. [Rev. Dkt. No. 5 at 1] (wherein appears the statement "FPD Paul Saenz (on duty), Dft's Atty").

Petitioner also claims that he was not represented by counsel at his March 13, 2009 initial appearance for the illegal reentry charge, and that he was without counsel when he waived his right to a preliminary examination on March 16, 2009. [Dkt. No. 1 at 1]. Again, these claims are verifiably false. The record clearly reflects that Petitioner was represented in both matters by AFPD David Lopez. [Cr. Dkt. No. 3] (wherein appears the statement "AFPD David Lopez (on duty ), Deft's Atty"); [Cr. Dkt. No. 2] (the "Waiver of Preliminary Examination or Hearing" filed March 16, 2009, signed March 13, 2009, wherein appears Petitioner's signature as well as AFPD David Lopez' signature, the latter signing as "Counsel for Defendant"). Because Petitioner was represented by counsel at every appearance before the Court, as well as every relevant procedural step, Petitioner cannot logically sustain a claim that he was prejudiced by his counsel's absence during Petitioner's appearances before the Court.

**D.** *Double Jeopardy*

Petitioner's claim that his counsel was ineffective for not raising "double jeopardy" as an objection to Petitioner receiving two sentences for his illegal reentry, one sentence for pleading guilty to illegal reentry and one sentence for violating the terms of Petitioner's supervised release resulting from an otherwise unrelated criminal conviction, is also misplaced.

The Double Jeopardy Clause of the Fifth Amendment protects an individual from multiple punishments for the same offense. *United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005). Post-revocation sanctions, such as a sentence imposed for a supervised release violation, are not "punishment" for the new offense, but are part of the penalty for the original conviction. *Johnson v. United States*, 529 U.S. 694, 700 (2000). Because revocation of supervised release is a "modification of the terms of the defendant's original sentence" and not "punishment for the revocation-triggering offense" the Double Jeopardy Clause was not violated when Petitioner was sentenced to 90 months for illegal reentry and 18 months for violating the terms of his supervised release by illegally reentering the United States. *United States v. Richardson*, 269 Fed. Appx. 493, 2008 WL 687274 at 1 (5th Cir. 2008) (quoting *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996)); see also *United States v. Keys*, 281 Fed. Appx. 411, 2008 WL 2443655 at 1 (5th Cir. 2008).

Thus, even if counsel for the Petitioner had offered an objection based on the Double Jeopardy Clause, Petitioner could not have prevailed in the face of Fifth Circuit precedent. Therefore, Petitioner cannot show that he was prejudiced by his counsel's decision to not pursue that route.

**E.**   *Miscellaneous Claims*

In connection with the revocation of his supervised release, Petitioner claims that he was denied "written notice of the alleged violation." [Dkt. No. 1 at 3]. By the time Petitioner came before the Court for his initial appearance for the revocation of his supervised release, such "written notice" had already been filed in the docket for the revocation case in the form of a "Form 12." [Rev. Dkt. 2 at 2]. Thus, "written notice of the alleged allegation" was available to Petitioner before he appeared for his initial hearing in this matter.

Petitioner's claim is peppered throughout with references to this Court's misapplication of the Sentencing Guidelines. [Dkt. No. 1 at 4-7]. As the Fifth Circuit has held:

> Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.

*U.S. v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citations omitted). Thus, the Court will not evaluate Petitioner's allegations that the Court misapplied the Sentencing Guidelines.

Petitioner also argues that, "under any common-sense conception of orderly justice," a defendant "standing to be deported" should not be sentenced to a term of supervised release. [Dkt. No. 1 at 4]. Petitioner claims that the "factors to be considered in including a term of supervised release" referenced in 18 U.S.C. § 3583(c) do not make sense when applied to an individual who will be deported upon completion of a prison sentence. [*Id.*]. On the contrary, the Fifth Circuit has held that, even where an individual is deported following the completion of a prison sentence, a term of supervised release is an appropriate additional sanction that can deter an individual from attempting to reenter the United States unlawfully. *United States v. Medina-Torres*, 370 Fed. Appx. 554, 555 (5th Cir. 2010). Thus, a term of supervised release addresses the valid consideration of "adequate deterrence" referenced in 18 U.S.C. § 3583(c) and the Fifth Circuit has held that it is an appropriate sanction as part of a sentence for illegal reentry into the Untied States. *Medina-Torres*, 370 Fed. 555; 18 U.S.C.A. § 3583(c) (citing 18 U.S.C.A. § 3553(a)(2)(B)).

Finally, Petitioner alleges that his sentence of "supervised release is being applied in violation of Petitioner's equal protection." [Dkt. No. 1 at 6]. Petitioner bases this claim on the allegations that: (1) a period of supervised release is not listed in U.S.C. § 1326(a) as a penalty

for reentry of removed aliens; and (2) deportable prisoners are not afforded the same rights as prisoners that are United States citizens. [Dkt. No. 1 at 6]. Petitioner's first argument is disposed of by the preceding analysis concluding that the Fifth Circuit has held that a term of supervised release is an appropriate sanction for violation of U.S.C. § 1326.

Petitioner's second argument, that a deportable prisoner serves his sentence under egregious circumstances as compared to an incarcerated citizen of the United States, is an argument based on the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241. *Carvajal v. Tombone*, 31 Fed. Appx. 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). To construe such a claim as a § 2255 motion is reversible error. *See Carvajal*, 31 Fed. App'x 155, at *1. Motions under 28 U.S.C. § 2241 must normally be brought in the place of the petitioner's confinement, which in this case is Inez, Kentucky, in the jurisdiction of the United States District Court for the Eastern District of Kentucky. Therefore, this Court lacks statutory jurisdiction to hear the claim.

When a court lacks jurisdiction, 28 U.S.C. § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court. However, the Fifth Circuit has held that it is not in the interest of justice to transfer a meritless claim that will consume judicial time and energy. *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss). The Court will therefore "take a peek" at the

merits of Petitioner's claim to determine whether transfer would serve the interest of justice.

A "peek" at Petitioner's claim reveals that it lacks merit. Petitioner alleges that because he is a deportable alien he is being treated differently from incarcerated United States citizens. Because alienage is not a suspect classification for purposes of federal government action, Petitioner must show that there is no rational basis for treating him differently from similarly situated United States citizens. *Carvajal*, 31 Fed. Appx. 155, at *1 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Petitioner has alleged that "deportable prisoner's [sic.] are not afforded the same reduction and half-way house consideration under the "second chance Act", as American prisoner's [sic.]." [Dkt. No. 1 at 6]. What Petitioner has *not* alleged is that this action lacks a rational basis. Even if Petitioner had made such an allegation, the Fifth Circuit has explicitly held that the Bureau of Prisons' determination that deportable aliens are ineligible to participate in such programs is rationally related to the increased flight risk that deportable aliens pose. See *Id.*; see also *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (applying rational basis review of equal protection claim to right to early release). Moreover, there is no constitutional right to be released before the expiration of a valid sentence. *Wottlin*, 136 F.3d at 1037. Thus, the Bureau of Prison's exclusion of deportable aliens such as Petitioner from sentence reduction and half-way house programs is constitutional. Because Petitioner's claim under 28 U.S.C. § 2241 lacks merit, the Court will not transfer this claim, but will dismiss it. *See* § 1631; *Haugh*, 210 F.3d at 1150.

### III.   CONCLUSION

Based on the foregoing analysis, Petitioner's Amended Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. 2255 is **DISMISSED**.  Additionally, should Petitioner seek one, a certificate of appealability is **DENIED**.  A separate final judgment will issue.

IT IS SO ORDERED.

Done this 14th day of April, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE